MUNCK WILSON MANDALA
TRIALS. TRANSACTIONS. TECHNOLOGY.

CHASE A. COBERN
DIRECT DIAL (972) 628-3625
E-MAIL: CCOBERN@MUNCKWILSON.COM

February 3, 2025

**Via ECF**

Jarrett B. Perlow, Clerk of the Court
Office of the Clerk, U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *ams-OSRAM USA Inc. v. Renesas Elecs. Am., Inc.*,
Nos. 22-2185, -2186
Rule 28(j) Letter re: TAOS's Preservation of Forfeiture Issue

Dear Mr. Perlow:

At oral argument this morning, Intersil argued for the first time that TAOS did not preserve its contention that Intersil forfeited challenges to exemplary damages that were not raised in Intersil's first appeal. TAOS repeatedly raised its forfeiture contention on remand in response to Intersil's challenges to exemplary damages:

- Appx12713 (TAOS's post-trial brief: "[Intersil's] new contention that TAOS cannot recover exemplary damages under § 41.004(a) because TAOS seeks a disgorgement remedy is without merit. First, [Intersil's] argument is foreclosed by the mandate on remand because [Intersil] failed to raise it when appealing the prior jury's award of the same two remedies.").

- Appx12878 (TAOS's post-trial brief: "[Intersil] forfeited this challenge to exemplary damages accompanying disgorgement by failing to raise it in [Intersil's] prior appeal of a judgment awarding the same two remedies.").

- Appx9761(19:23-24) (TAOS at pretrial conference: "Intersil had the opportunity to appeal the finding of punitive damages and did not. It's been waived.").

- Appx9221 (TAOS's pre-trial brief: "Intersil's failure to challenge the … constitutionality underlying the jury's exemplary damages award—issues undisputedly within the scope of the judgment from which Intersil previously appealed—bars Intersil from invoking those challenges now.").

Respectfully submitted,

*/s/ Chase A. Cobern*
Chase A. Cobern

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMS SENSORS USA INC. F/K/A TEXAS ADVANCED OPTOELECTRONIC SOLUTIONS, INC., | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:08-cv-451-ALM |
| RENESAS ELECTRONICS AMERICA INC. F/K/A INTERSIL CORPORATION, | § | |
| Defendant. | § | |

**PLAINTIFF'S NOTICE OF CONDITIONAL ELECTION OF REMEDIES**

Michael A. McCabe
Michael C. Wilson
Robert D. McCutcheon
William A. Munck
Jordan C. Strauss
Chase A. Cobern
MUNCK WILSON MANDALA LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
(972) 628-3600
(972) 628-3616 fax
mmccabe@munckwilson.com

*Attorneys for Plaintiff TAOS*

agrees and disgorges the $3,090,000 in profits attributable to the iPhone 3G design win, TAOS elects and is entitled to recover such non-duplicative disgorgement for inclusion in its remedy.[29]

**3. Exemplary damages for trade secret misappropriation**

The jury awarded $64 million in exemplary damages for Defendant's malice, fraud, or gross negligence in misappropriating TAOS's trade secret.[30] Under the applicable statutory limitation on exemplary damages,[31] TAOS is entitled to recover two times the amount of disgorgement damages for trade secret misappropriation upon final calculation by the Court.[32] Thus, if the Court awards TAOS's elected disgorgement remedy set forth in §§ III.1 and III.2 above, totaling $11,636,000, then TAOS is entitled to recover exemplary damages totaling $23,272,000. TAOS otherwise reserves the right to recover the maximum permissible amount of exemplary damages.

**4. Royalty on all sales of Derivative Products**

The jury awarded a reasonable royalty of $6,637,693 on sales of the Derivative Products, reflecting the application of Dr. Ugone's proposed $0.075-per-unit royalty to the 88,502,570 units

---

**29** To the extent the Court determines *not* to award disgorgement of profits from sales of the ISL29003 to Apple for use in the iPhone 3G, as TAOS requests, TAOS reserves the right to elect a royalty on such sales, as discussed *infra* § III.5.

**30** Jury Verdict (Dkt. #824) at 5.

**31** TEX. CIV. PRAC. & REM. CODE § 41.008(b)(1)(A).

**32** Defendant's new contention that TAOS cannot recover exemplary damages under § 41.004(a) because TAOS seeks a disgorgement remedy is without merit. First, Defendant's argument is foreclosed by the mandate on remand because Defendant failed to raise it when appealing the prior jury's award of the same two remedies. Second, Defendant's contention conflicts with the text of § 41.004(a) and longstanding Texas Supreme Court precedent. Section 41.004(a) expressly allows recovery of exemplary damages "if damages *other than nominal damages* are awarded," and disgorgement is not "nominal damages." The Texas Supreme Court, moreover, has recognized that "Texas courts … will not deny exemplary damages simply because an action is equitable, rather than legal," *Nabours v. Longview Savings & Loan Assoc.*, 700 S.W.2d 901, 905 (Tex. 1985), and has specifically held that a plaintiff's election of the disgorgement remedy "should not preclude the recovery of exemplary damages." *Int'l Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 583–84 (Tex. 1963). The Texas Courts of Appeals likewise recognize that "an award of equitable disgorgement coupled with an award of exemplary damages is not duplicative" because the Texas Supreme Court "long ago determined that where equity requires the return of property, the recovery of exemplary damages is also allowed." *Swinnea v. ERI Consulting Engineers, Inc.*, 481 S.W.3d 747, 753 (Tex. App.—Tyler 2016, no pet.).

of Derivative Products sold.[33] As the disgorgement award was limited to sales of the ISL29003 (which was not a "Derivative Product"), it does not overlap with a royalty on sales of Derivative Products. TAOS thus elects and is entitled to recover the entire royalty on Derivative Product sales.

**5. Royalty on residual sales of Primary Products**

The jury separately awarded a reasonable royalty of $6,701,743 on sales of the Primary Products, reflecting the application of Dr. Ugone's proposed $0.075-per-unit royalty to 89,356,572 units of Primary Products sold.[34] Because the ISL29003 is a "Primary Product," the jury's Primary Product royalty award partially overlaps with TAOS's elected disgorgement award to the extent it includes sales of the ISL29003 to Apple for the iPod Touch and iPhone 3G, as well as non-Apple sales through March 2008. Yet there is no overlap with disgorgement for the residual portion of the Primary Product royalty attributable to (i) sales of the ISL29003 to non-Apple customers after March 2008, and (ii) sales of Primary Products other than the ISL29003. Plaintiff's Exhibit 435-B, annotated below, confirms that removing all overlapping unit sales leaves 19,435,913 non-duplicative Primary unit sales:

---

**33** *See, e.g.*, 04/14/21 Tr. 1516:14–1517:6 (Dr. Ugone identifying the "7.5 cents royalty rate" that he "multiplied [] by the units" and noting that PX 435 showed "exact numbers" on "all the different products"); PX 435-B at 1–2. Even where, as here, the verdict form does not disclose a specific royalty rate, courts routinely ascertain the rate implicitly adopted by the jury based on the trial record. *See, e.g.*, *Internet Machines LLC v. Alienware Corp.*, No. 6:10-cv-23, 2013 WL 4056282, at *18 (E.D. Tex. June 19, 2013) (finding 6% "royalty rate pursuant to the jury's verdict as the appropriate starting point" in determining ongoing royalty after trial, despite absence of specific rate disclosed in verdict, because "the jury awarded damages consistent with the damages model presented by [plaintiff's] damages expert" who "testified to a 6% royalty"); *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, --- F. Supp. 3d ----, 2020 WL 7028529, at *12 (D. Del. 2020) ("Because the verdict sheet did not ask the jury to disclose the royalty rate or base it found, yet their presumed findings on these issues are supported by sufficient evidence, the Court should uphold the damages verdict.").

**34** *See, e.g.*, 04/14/21 Tr. 1516:14–1517:6; PX 435-B at 1–2.

Dated: April 30, 2021

Respectfully submitted,

*/s/ Michael A. McCabe*
Michael A. McCabe
Texas Bar No. 24007628
mmccabe@munckwilson.com
Michael C. Wilson
Texas Bar No. 21704590
mwilson@munckwilson.com
Robert D. McCutcheon
Texas Bar No. 00789480
rmccutcheon@munckwilson.com
William A. Munck
Texas Bar No. 00786127
wmunck@munckwilson.com
Jordan C. Strauss
Texas Bar No. 24088480
jstrauss@munckwilson.com
Chase A. Cobern
Texas Bar No. 24101633
ccobern@munckwilson.com
MUNCK WILSON MANDALA, LLP
600 Banner Place
12770 Coit Road
Dallas, Texas 75251
Tel. 972.628.3600
Fax 972.628.3616

*Attorneys for Plaintiff TAOS*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this document has been served via the Court's CM/ECF to counsel of record in accordance with the Federal Rules of Civil Procedure on April 30, 2021.

*/s/ Michael A. McCabe*
Michael A. McCabe

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMS SENSORS USA INC. F/K/A TEXAS ADVANCED OPTOELECTRONIC SOLUTIONS, INC., | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:08-cv-451-ALM |
| RENESAS ELECTRONICS AMERICA INC. F/K/A INTERSIL CORPORATION, | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE ELECTION OF REMEDIES**

Michael A. McCabe
Michael C. Wilson
Robert D. McCutcheon
William A. Munck
Jordan C. Strauss
Chase A. Cobern
MUNCK WILSON MANDALA LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
(972) 628-3600
(972) 628-3616 fax
mmccabe@munckwilson.com

*Attorneys for Plaintiff TAOS*

**B. Plaintiff is entitled to exemplary damages.**

**1. Texas law permits recovery of exemplary damages with disgorgement.**

Challenging Plaintiff's exemplary damages election, Defendant argues that because "Texas law prohibits the recovery of exemplary damages without proof of actual damages" and "profit disgorgement is an equitable remedy distinct from actual damages," Plaintiff's disgorgement remedy "cannot serve as a basis for the jury's exemplary damages award."[25]

Defendant forfeited this challenge to exemplary damages accompanying disgorgement by failing to raise it in Defendant's prior appeal of a judgment awarding the same two remedies. The Fifth Circuit "instructs district courts to faithfully apply the 'waiver' doctrine by discerning whether an issue raised after a remand is one that could have been, but was not, raised during the original appeal."[26] Such issues are "forfeited and may not be revisited by the district court on remand."[27] "The doctrine, aimed at addressing a party's inaction, promotes procedural efficiency and prevents the bizarre result that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost."[28] In appealing the first jury verdict, Defendant challenged Plaintiff's right to recover disgorgement and exemplary damages for trade secret misappropriation,[29] but Defendant's *sole* challenge to exemplary damages was that "if the Court reverses or vacates the judgment of trade-secret misappropriation or the

---

**25** Mot. to Strike Election (Dkt. #843) at 11.

**26** *United States v. Stanford*, 883 F.3d 500, 515 (5th Cir. 2018)

**27** *Id.* (quoting *Med. Ctr. Pharm. v. Holder*, 643 F.3d 830, 834 (5th Cir. 2011)).

**28** *Id.* (cleaned up).

**29** *TAOS*, 895 F.3d at 1317 ("Intersil challenges the amount of the monetary award for trade secret misappropriation on several grounds"); Br. of Appellant, 2016 WL 6743913, at *2–3 (listing under "STATEMENT OF THE ISSUES" "2. If the judgment of trade-secret misappropriation is not reversed, should the jury's $48.7 million disgorgement award nonetheless be vacated" and "3. Assuming that the Court reverses or vacates the *disgorgement* award, should the jury's additional $10 million *exemplary* damages award also be reversed or vacated?") (emphasis in original).

disgorgement award, it should also reverse or vacate the exemplary damages."[30] Defendant never argued that disgorgement "cannot serve as a basis for" exemplary damages.[31] Nothing prevented Defendant from contending (as it does now) that disgorgement could not support exemplary damages under Texas law. Reaching that contention now would allow Defendant—by choosing *not* to assert that challenge in its prior appeal—to stand in a better position on remand than had it argued the point and lost. Because Defendant undisputedly could have but did not raise this challenge in its prior appeal, Fifth Circuit precedent bars its consideration on remand.[32]

Even if Defendant had preserved this challenge to exemplary damages, it fails on the merits. Defendant fundamentally misapprehends the "actual damages" requirement for exemplary relief in Texas as limited to *legal* (as opposed to *equitable*) monetary relief. More than a century of Texas precedent confirms that the "actual damages" required to support exemplary damages is merely the existence of some form of *monetary* relief elected as "damages" for tort liability, regardless of whether that monetary relief is legal or equitable. In the seminal case of *International Bankers Life Insurance Company v. Holloway*, the Texas Supreme Court specifically addressed and upheld the

**30** Br. of Appellant, 2016 WL 6743913, at *57–58.

**31** Mot. to Strike Election (Dkt. #843) at 11.

**32** *See, e.g.*, *Stukenberg v. Abbott*, 929 F.3d 272, 281 (5th Cir. 2019) ("[T]he State objects to the modified injunction's termination provisions. These same provisions were in the original injunction, yet we heard nothing from the State about them in the original appeal. The State cannot now challenge these provisions. It is too late for that. The State's arguments are waived."); *Stanford*, 883 F.3d at 515 ("The law-of-the-case doctrine and its related waiver doctrine leads us to conclude that Stanford's *Brady* claim is forfeited because the issue was germane to the case prior to and during the appeal and he failed to raise it during that time."); *Lindquist v. City of Pasadena Tex.*, 669 F.3d 225, 240 (5th Cir. 2012) ("In short, nothing prevented the Lindquists, in their appeal in *Lindquist I*, from arguing that the City Council's actual practice in implementing the used-car-dealer ordinance, and not the ordinance itself, was the relevant policy for purposes of their unbridled discretion claim. They did not do so, and the claim was thus waived. This waiver precluded the Lindquists from asserting their new unbridled discretion claim on remand and precludes them from raising the claim to us in a subsequent appeal.").

Dated: May 27, 2021

Respectfully submitted,

*/s/ Michael A. McCabe*
Michael A. McCabe
Texas Bar No. 24007628
mmccabe@munckwilson.com
Michael C. Wilson
Texas Bar No. 21704590
mwilson@munckwilson.com
Robert D. McCutcheon
Texas Bar No. 00789480
rmccutcheon@munckwilson.com
William A. Munck
Texas Bar No. 00786127
wmunck@munckwilson.com
Jordan C. Strauss
Texas Bar No. 24088480
jstrauss@munckwilson.com
Chase A. Cobern
Texas Bar No. 24101633
ccobern@munckwilson.com
MUNCK WILSON MANDALA, LLP
600 Banner Place
12770 Coit Road
Dallas, Texas 75251
Tel. 972.628.3600
Fax 972.628.3616

*Attorneys for Plaintiff TAOS*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this document has been served via the Court's CM/ECF to counsel of record in accordance with the Federal Rules of Civil Procedure on May 27, 2021.

*/s/ Michael A. McCabe*
Michael A. McCabe

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMS SENSORS USA INC. | DOCKET 4:08CV451 |
| | MARCH 22, 2021 |
| VS. | |
| | 9:00 A.M. |
| RENESAS ELECTRONICS AMERICA INC. | SHERMAN, TEXAS |

---

VOLUME 1 OF 1, PAGES 1 THROUGH 148

REPORTER'S TRANSCRIPT OF PRETRIAL HEARING

BEFORE THE HONORABLE AMOS L. MAZZANT, III
UNITED STATES DISTRICT JUDGE

---

APPEARANCES:

FOR THE PLAINTIFF:
MICHAEL ANDREW MCCABE
MICHAEL CRAIG WILSON
JORDAN CHRISTINE STRAUSS
CHASE ANDREW COBERN
MUNCK WILSON MANDALA LLP - DALLAS
12770 COIT ROAD, SUITE 600
DALLAS, TX 75251

GABRIELA I. MONAHAN (BY TELEPHONE)
MUNCK WILSON MANDALA LLP - AUSTIN
807 LAS CIMAS PARKWAY
BUILDING II, SUITE 300
AUSTIN, TX 78746

FOR THE DEFENDANT:
WILLIAM J. ROBINSON
FOLEY & LARDNER - LOS ANGELES
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411

contract claim because they're hearing all this potentially bad stuff, and it makes the exhibit list about four times longer than it should be.

So we would request, object, however you want to put it, relative to the use of an advisory jury on the punitive damages because at the end of the day, the Court has got to decide that number anyway. So we're very much prejudiced because it opens the floodgate as to liability issues which we can't challenge and we don't think that the punitive damages aspect should go to the advisory jury at all.

MR. McCABE: Your Honor, this goes to the heart of one of their motions *in limine*, so it seems as though we fast-forwarded a few hours here. But as far as --

THE COURT: I understand it's part of the MILs, but go ahead. He raised it as more a global issue, so we'll address it here. That's fine.

MR. McCABE: So globally speaking, yes, your Honor, there is a finding from the Federal Circuit of liability for misappropriation of trade secrets, breach of contract. It is our position that that finding of liability also goes to punitive damages.

Intersil had the opportunity to appeal the finding of punitive damages and did not. It's been waived. And this Court has recognized that the Federal Circuit will

permit us to have an advisory jury on all of the issues of liability, including punitive damages, in our opinion, on the misappropriation side. We are entitled to an advisory jury. It makes more sense to do a single trial with a jury that decides the royalty damages as well as provides an advisory opinion to the Court on the issue of misappropriation and punitive damages. So from that perspective, we definitely believe that it is appropriate to do that.

As far as the exhibits go, your Honor, we got objections to exhibits late on Friday night. I think it was about midnight. I don't know -- I disagree with Mr. Robinson that the issue of exhibits is going to be expanded or retracted or redacted as a result of the issue of an advisory jury on punitive damages.

We have to figure out the head start. We have to figure out proper accessibility. We have to figure out reasonable royalty under the *Georgia-Pacific* factors for the breach of contract claim. And the documents that are at issue in this case, many of them go to many of the same -- different issues, same document.

So I'm not aware of any documents specifically other than three or four emails that relate specifically to the issue of malice that relate to punitive damages that Mr. Robinson is referring to. The vast majority of these

appear by telephone; or if you want to come in person, that is fine.

MR. McCABE: Thank you, Judge.

MR. BRAGALONE: Thank you, your Honor.

MR. ROBINSON: Thank you, Judge.

THE COURT: So I'm sorry we couldn't finish everything; and we'll resume Wednesday at 1:30. Thank y'all.

(Proceedings concluded, 12:04 p.m.)

COURT REPORTER'S CERTIFICATION

I HEREBY CERTIFY THAT ON THIS DATE, MARCH 24, 2021, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS.

/s/
CHRISTINA L. BICKHAM, CRR, RDR

# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **AMS SENSORS USA INC. F/K/A TEXAS ADVANCED OPTOELECTRONIC SOLUTIONS, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RENESAS ELECTRONICS AMERICA INC. F/K/A INTERSIL CORPORATION,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:08-cv-451-ALM** |

**TAOS'S RESPONSES TO INTERSIL'S MOTIONS IN LIMINE**

Michael A. McCabe
Michael C. Wilson
Robert D. McCutcheon
William A. Munck
Jordan C. Strauss
Chase A. Cobern
MUNCK WILSON MANDALA LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
(972) 628-3600
(972) 628-3616 fax
mmccabe@munckwilson.com

*Attorneys for Plaintiff TAOS*

'marketing advantage or head start' was neutralized."[43] At a minimum, whether TAOS should recover profits attributable to supply contracts that Intersil secured within the head-start period but realized outside the head-start period is a question properly resolved by the advisory jury at trial and ultimately this Court. Intersil's MIL #14 should be denied.

**Opposition to Intersil's MIL #15: Legal standard for proper accessibility.**

Intersil's MIL #15 seeks to preclude TAOS from "presenting argument and testimony on the legal standard for proper accessibility"—namely, that "a public sale of product only terminates secrecy if it is ascertainable at a glance." Intersil again mischaracterizes TAOS's position on proper accessibility, as it did in its *Daubert* briefing. TAOS has not argued that "ascertainable at a glance" is the *only* means of proper accessibility. To the contrary, as Intersil itself acknowledges, TAOS has maintained that the trade secret "was not properly accessible until Intersil *reverse engineered* it in January 2006."[44] As this Court recently acknowledged after surveying Texas law, a finding that a trade secret embodied in a publicly-available product is "not ascertainable at a glance" requires "further analysis to determine if it qualif[ies] for protection" because "*if [it] had been reverse-engineered*, it would be properly accessible."[45] As TAOS's arguments and evidence track the Court's analysis of proper accessibility, they should not be excluded.

**Opposition to Intersil's MIL #16: Intersil's punitive liability.**

Intersil's MIL #16 asserts that the mandate requires a retrial of not only the "*amount*" of exemplary damages but also Intersil's "*conduct* in support of exemplary damages liability" and even the "constitutionality of any amount of exemplary damages awarded on remand." Intersil does not dispute that it could have but failed to appeal: (1) "the sufficiency of the evidence

---

**43** McAlexander Order (Dkt. #737) at 12.

**44** Intersil's MILs (Dkt. #732) at 17.

**45** McAlexander Order (Dkt. #737) at 14–15.

regarding the act of misappropriation";[46] (2) the jury's factual finding of "clear and convincing evidence[] that the Defendant's misappropriation of the Plaintiff's trade secrets resulted from the Defendant's fraud, malice, or gross negligence"[47]; and (3) the constitutionality of the amount of exemplary damages awarded by the jury. Instead, Intersil contends that merely "appealing of the entire underlying basis for trade secret misappropriation plainly challenged the basis for the jury's award of exemplary damages."

Intersil's argument has been specifically rejected by the Federal Circuit. In *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1347 (Fed. Cir. 2001) ("*Tronzo II*"), the Federal Circuit directly addressed whether "[b]y appealing the liability for the compensatory damages, [a defendant] implicitly challenged its liability for punitive damages as well." Because the *Tronzo II* defendant failed in the first appeal to specifically contest the constitutional and factual predicates for punitive damages that were "within the scope of the judgment initially appealed" and "then ripe for legal challenge" (including "the jury's finding of wanton or willful conduct in support of the punitive damages liability") the Federal Circuit's earlier mandate—despite vacating and remanding the compensatory damages award—"acted to prevent [the defendant] from raising this issue on remand or in any future proceeding in this litigation."[48] Likewise here, Intersil's failure to challenge the sufficiency of the evidence or constitutionality underlying the jury's exemplary damages award—issues undisputedly within the scope of the judgment from which Intersil previously appealed—bars Intersil from invoking those challenges now. Intersil's MIL #16 should be denied, and TAOS's MIL #8 should be granted.

---

**46** *TAOS I*, 895 F.3d at 1313.

**47** Jury Verdict (Dkt. #511) at 3.

**48** *Tronzo II*, 236 F.3d at 1348–50.

Case: 22-2185 Document: 56 Page: 22 Filed: 02/03/2025

Dated: March 10, 2021

Respectfully submitted,

*/s/ Michael A. McCabe*

Michael A. McCabe
Texas Bar No. 24007628
mmccabe@munckwilson.com
Michael C. Wilson
Texas Bar No. 21704590
mwilson@munckwilson.com
Robert D. McCutcheon
Texas Bar No. 00789480
rmccutcheon@munckwilson.com
William A. Munck
Texas Bar No. 00786127
wmunck@munckwilson.com
Jordan C. Strauss
Texas Bar No. 24088480
jstrauss@munckwilson.com
Chase A. Cobern
Texas Bar No. 24101633
ccobern@munckwilson.com
MUNCK WILSON MANDALA LLP
600 Banner Place
12770 Coit Road
Dallas, Texas 75251
Tel. 972.628.3600
Fax 972.628.3616

*Attorneys for Plaintiff TAOS*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this document has been served via the Court's CM/ECF to counsel of record in accordance with the Federal Rules of Civil Procedure on March 10, 2021.

*/s/ Michael A. McCabe*
Michael A. McCabe

878788